

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN DARCO,

                    Petitioner,                **TRANSFER ORDER**

            -v-                                  11-CV-02096 (SLT)

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

       Petitioner John Darco was convicted in 2000 by a jury in this district of (1-3) three counts of armed bank robbery; (4) conspiracy to commit armed bank robbery; (5) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); (6) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (7) prison escape. Darco now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that the consecutive sentences imposed for the fifth and sixth counts are illegal. For the reasons set forth below, this action is transferred to the Second Circuit Court of Appeals.

## I.    PROCEDURAL HISTORY

### A.    Criminal proceedings and prior motions/petitions

       In 2001, the district court sentenced Darco to 346 months' imprisonment on the seven counts. In 2002, the Second Circuit affirmed the judgment, United States v. Paneque, 60 Fed. Appx. 339 (2d Cir. 2002), and on April 7, 2003, the Supreme Court denied Darco's petition for a writ of certiorari. Darco v. United States, 538 U.S. 968 (U.S. 2003). In 2004, Darco filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that his due process rights were violated, that he was "erroneously sentenced as an armed career offender, pursuant to 18 U.S.C. § 922(g)," and that he is actually innocent. In 2005, the district court

denied his petition as well as his request for a certificate of appealability. Darco v. United States, 04-CV-1378 (CPS), 2005 WL 1804475 (E.D.N.Y. July 28, 2005).

In 2008, the Second Circuit denied Darco's pro se request for an order authorizing the district court to consider a second or successive petition because Darco failed to satisfy the criteria set forth in 28 U.S.C. § 2255(h).[1] The court explained that Darco had "not stated an actual innocence claim because a showing of actual innocence requires factual, not legal, innocence." The Second Circuit also denied Darco's request for permission to file a certificate of appealability.

Later the same year, Darco filed a motion in the district court for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), which was denied. In 2010, the Second Circuit affirmed the denial in a summary order. United States v. Darco, 377 Fed. Appx. 61 (2d Cir. 2010). In a section relevant to the instant matter, the court briefly addressed Darco's argument that his sentence is "illegal" under United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) and United States v. Williams, 558 F.3d 166 (2d Cir. 2009), two cases that examined the issue of consecutive mandatory minimum sentences in the context of § 924(c). The Second Circuit declined, however, to review Darco's argument, explaining:

> First, Darco failed to raise this argument in the district court. Second . . . [, since Darco's] argument does not implicate any sentencing range that has subsequently been lowered, § 3582(c)(2) is not the proper vehicle for it. To the extent that Darco challenges the legality of the sentence imposed, the proper vehicle for such a challenge would be a motion pursuant to 28 U.S.C. § 2255. However, we express no views as to whether, on such a motion, the rule of Whitley and Williams would be available on collateral attack.

Id. (emphasis in original). The court affirmed without further comment.

---

[1] A copy of this Order, available at 04-CV-1378 (CPS) Docket No. 22, is annexed as Attach. A.

### B. 2011 habeas petition

On April 28, 2011, Darco filed another habeas petition pursuant to 28 U.S.C. §2255, arguing as he did before the Second Circuit that his consecutive sentences for the fifth and sixth counts are "illegal" under Whitley and Williams. Given Darco's earlier petition and a recent Supreme Court decision on the issue of consecutive sentences under § 924(c), the Court ordered Darco to show cause why his instant petition is not time barred, satisfies the requirements of a second or successive petition, and is not futile in light of the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (U.S. 2010); United States v. Tejada, 631 F.3d 614 (2d Cir. 2011) (recognizing that the Second Circuit's decisions in Whitley and Williams "are abrogated by the Supreme Court's decision" in Abbott). In what could charitably be described as a concise response,[2] Darco's counsel argues without support that neither Abbott nor Tejada "held that the stacking of mandatory minimums for weapons counts charged in the same indictment was proper under the wording of the statute." (Docket No. 3 at 2). Moreover, counsel's reading of the 2010 summary order is that while the Second Circuit declined to rule on the § 924(c) issue, it nevertheless "*directed* that Darco should raise the issue by way of a [§] 2255 proceeding." (Id.) (emphasis added). Counsel apparently viewed the Second Circuit's closing comments as an invitation to file what would be Darco's second § 2255 petition.

### II. JURISDICTION

While not sharing Darco's reading of the 2010 summary order – and wary of his interpretation of Abbott – the Court is mindful of the risks inherent in outright dismissing a petition sua sponte. See, e.g., Thompson v. Choinski, 525 F.3d 205, 2010 n.3 (2d Cir. 2008) ("We have repeatedly cautioned against this practice."). More importantly, it is well established

---

[2] A copy of this response is annexed as Attach. B.

that courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir.2006); see Fed. R. Civ. P. 12(h)(3). In the context of this case, the Court "has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court." Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003) (citing 28 U.S.C. § 2244(b)(3); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997)). Darco has already filed a § 2255 motion that was decided on the merits, and no such authorization from the court of appeals has been obtained. In fact, as noted, the Second Circuit denied Darco's 2008 request for authorization, filed pro se, to file a second or successive petition. This Court therefore "must" transfer the petition to the Second Circuit, see Poindexter, 333 F.3d at 382 (citing Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996)), where Darco may move for permission to pursue this application.

## III. CONCLUSION

For the reasons set forth above, and in the interest of justice, the Clerk of the Court is ORDERED to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 and mark this case closed. If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to re-open the case under this docket number.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: June 13, 2011
Brooklyn, New York

4